UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMAL HAMILTON,<br>  *Plaintiff*,<br><br>    v.<br><br>ARMANDO PEREZ *et al.*,<br>  *Defendants*. | No. 3:17-cv-01794 (JAM) |

**ORDER GRANTING UNOPPOSED MOTION TO DISMISS**

  The plaintiff is a state prisoner who has filed a complaint against several police officers. I will grant the officers' unopposed motion to dismiss on the ground that the complaint is barred by the statute of limitations.

### BACKGROUND

  Plaintiff Jamal Hamilton initially filed a civil rights complaint in September 2017 against police officers of the City of Bridgeport, Connecticut. Doc. #1-1. The complaint alleged in relevant part that Hamilton had been wrongly arrested by the defendant police officers in September 2015 on murder and related charges for which he was eventually acquitted in July 2016. *Id.* at 9-10.

  In November 2018, the defendants moved for judgment on the pleadings. Doc. #33. After receiving an extension of time to file any objection or response, Hamilton filed a motion on January 9, 2019 to withdraw his complaint without prejudice. He stated that he was incarcerated and could not file a response because of the absence of access to legal assistance and research facilities. Doc. #47. On the next day—January 10, 2019—I granted Hamilton's motion to withdraw the action and dismissed the action without prejudice. Docs. #48, #49.

  Almost two years elapsed before Hamilton filed a motion for leave to file an amended complaint on November 3, 2020. Doc. #50. I re-opened the action and granted his motion on

1

November 24, 2020. Doc. #53. The new complaint alleges claims very similar to those of the initial complaint, including alleged misconduct by the defendants beginning in 2012, followed by Hamilton's arrest on a murder charge, and then his acquittal after jury trial in July 2016. Doc. #54.

The new complaint alleges federal law claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution under the Fourth Amendment, as well as for retaliation in violation of Hamilton's free speech rights under the First Amendment. It also alleges a state law claim for intentional infliction of emotional distress.

Defendants have moved to dismiss on the ground that the new complaint is barred by the statute of limitations. Doc. #55. Hamilton has not filed any objection or other response.[1]

## DISCUSSION

The statute of limitations is an affirmative defense. A defendant may assert this defense by way of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the basis for this defense is apparent from the face of the complaint. *See Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015).

Whenever a court addresses a statute of limitations defense, it must identify the date when the statute of limitations begins to run (which is referred to as the date when a cause of action "accrues") and the length of the statute of limitations. Constitutional claims under 42 U.S.C. § 1983 are subject to a three-year statute of limitations. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005). Likewise, a claim for intentional infliction of emotional distress is

---

[1] Although the Court's records reflect Hamilton's official address to be at Garner Correctional Institution where he was incarcerated when he filed his initial complaint, the Department of Correction's on-line database reflects that he is at Osborn Correctional Institution (as he also alleges in his new complaint). Defendants' motion to dismiss reflects that it was correctly served on Hamilton at Osborn. Doc. #55 at 2. The Clerk of Court is requested to update Hamilton's address to reflect his confinement at Osborn Correctional Institution.

Case 3:17-cv-01794-JAM   Document 57   Filed 01/15/21   Page 3 of 4

also subject to a three-year limitations period. *See Braswell v. Cmty. Sols., Inc.*, 2014 WL 4749074, at *3 (D. Conn. 2014).

Like most tort claims, a § 1983 claim accrues "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." *Veal v. Geraci*, 23 F.3d 722, 724 (2d Cir. 1994). Thus, a Fourth Amendment false arrest claim accrues on the date of arrest, *see Dancy v. McGinley*, 843 F.3d 93, 111 (2d Cir. 2016); a Fourth Amendment malicious prosecution claim accrues on the date of the termination of the prosecution proceedings in the plaintiff's favor, *see Spak v. Phillips*, 857 F.3d 458, 462 (2d Cir. 2017); and a First Amendment retaliation claim accrues on the date when the alleged retaliatory conduct occurred and about which the plaintiff knew or had reason to know, s*ee Smith v. Campbell,* 782 F.3d 93, 100-02 (2d Cir. 2015). Similarly, I assume that Hamilton's state law claim for intentional infliction of emotional distress accrued when he knew of the defendants' allegedly wrongful actions and certainly not later than the date of his acquittal.

Hamilton filed his new complaint on November 3, 2020 (or arguably a few days earlier under the prison mailbox rule). The date he filed his new complaint was far more than three years after his arrest in September 2015 and his acquittal in July 2016. All of Hamilton's claims are well outside the three-year statute of limitations.

It makes no difference that Hamilton had previously filed an action that would not have been time-barred, because "a suit dismissed without prejudice ... 'is treated for statute of limitations purposes as if it had never been filed.'" *Kittay v. Korff (In re Palermo)*, 739 F.3d 99, 105 (2d Cir. 2014) (quoting *Elmore v. Henderson*, 227 F.3d 1009, 1011 (7th Cir. 2000) (Posner, J.)). "In instances where a complaint is timely filed and later dismissed, the timely filing of the

3

complaint does not 'toll' or suspend the [relevant] limitations period." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

Nor is Hamilton entitled to equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Watson v. United States*, 865 F.3d 123, 132 (2d Cir. 2017) (internal quotations omitted). To the extent that Hamilton could suggest that his delay has been justified by his imprisonment, the ordinary hardship of prison conditions is not enough to warrant equitable tolling. *See Asencio v. Senkowski*, 2000 WL 1760908, at *2 (S.D.N.Y. 2000). To the extent that Hamilton has complained of prior lack of access to legal assistance and legal research facilities, this lack of access does not explain his failure to lodge a plain and simple statement of the facts of his claim by way of a timely filed complaint.

Moreover, Hamilton waited nearly two years from the date when he previously withdrew his initial complaint to file his new complaint, and he has not responded at all to defendants' motion to dismiss. These additional facts convince me that there are no plausible grounds to infer that he acted with diligence such that the statute of limitations should be equitably tolled.

## CONCLUSION

The Court GRANTS defendants' unopposed motion to dismiss (Doc. #55) with prejudice. Defendants' motion for extension of time (Doc. #56) is DENIED as moot in light of the dismissal of this action. The Clerk of Court shall close this case.

It is so ordered. Dated at New Haven this 15th day of January 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge